UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Calvin O. Davis, Jr.,
        Plaintiff

        v.                              Case No. 12-cv-171-SM
                                        Opinion No. 2013 DNH 119
Chief Shawn Bernier,
New Durham Police Department,
and Town of New Durham, NH,
        Defendants

**O R D E R**

Defendants' Motion for Summary Judgment (document no. 12) is
granted with respect to the federal claims, and the court
declines to exercise supplemental jurisdiction over plaintiff's
state law claims.


Plaintiff brought this suit against the New Durham Police
Department, the Town of New Durham, and Police Chief Shawn
Bernier, in both his official and individual capacities.  He
alleges that New Durham police officers assaulted him, searched
his house without probable cause, stole money from his house
during the search, and regularly stopped his vehicle without
probable cause.  Plaintiff has not asserted claims against any of
the offending police officers as individuals.

*Municipal Liability under Section 1983*

Municipalities cannot be held liable for constitutional injuries caused by their employees on a theory of respondeat superior.  See Monell v. New York City Dept. of Soc. Svs., 436 U.S. 658, 690-95 (1978).  Instead, "a municipality can be found liable under [42 U.S.C.] Section 1983 only where the municipality itself causes the constitutional violation at issue."  City of Canton v. Harris, 489 U.S. 378, 385 (1989) (emphasis in original).  Here, plaintiff generally asserts that the municipal defendants are liable under 42 U.S.C. Sec. 1983 because they had a "policy or custom" of condoning the unconstitutional conduct of their police officers, or because they failed to properly supervise and train them.  To succeed on that theory, plaintiff must show an "affirmative link" between the acts of the "municipality or its supervisory personnel" and the "acts . . . of the offending employee," such that the municipality's conduct amounts to "deliberate indifference" to the plaintiff's rights.  Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990) (citations omitted).

In opposing the defendants' summary judgment motion, plaintiff has not shown the existence of any material factual dispute with regard to the liability of the municipal defendants. For one thing, some of the acts by individual police officers

2

about which plaintiff complains do not appear to have been unlawful, so cannot give rise to municipal liability.  See Jarrett v. Town of Yarmouth, 331 F.3d 140, 151 (1st Cir. 2003) ("Our determination that [plaintiff] suffered no constitutional injury is dispositive of his municipal liability claim against the Town of Yarmouth.").  The search of plaintiff's house, for example, was conducted pursuant to a warrant issued by a neutral and detached magistrate.  A facially valid warrant generally precludes a plaintiff from prevailing on a Section 1983 claim related to the authorized search, and plaintiff, here, has not argued, or shown, that any exception to this general rule applies in this case.  See generally Williamson v. Curran, 714 F.3d 432, 443-44 (7th Cir. 2013).  Moreover, plaintiff's affidavit generally does not give rise to disputed material facts regarding the officers' conduct, because much of it is based on plaintiff's conclusory statements of belief and conjecture.  Under Fed. R. Civ. P., an affidavit at the summary judgment stage must be based on personal knowledge, and cannot be based on the affiant's belief or on "'conclusions, assumptions, or surmise.'"  Holder v. Town of Newton, 2010 WL 5185137, at *1 (D.N.H. Dec. 15, 2010) (DiClerico, J.) (quoting Livick v. The Gillette Co., 524 F.3d 24, 28 (1st Cir. 2008)).

But even accepting, for argument's sake, that the actions complained about were unconstitutional, the proffered evidence does not support an inference that the municipal defendants had a policy or custom of condoning such conduct, or that they failed to properly supervise and train their police officers.  As defendants point out, the evidence on summary judgment does not show any "affirmative link" between the acts of individual police officers and the municipal defendants, such that those defendants can be said to have condoned the police officer's actions or to have been deliberately indifferent to the plaintiff's rights.  A supportable inference of deliberate indifference does not, as plaintiff implies, arise from "the fact that nobody investigated the incident [involving the allegedly stolen money] after notice to the State Police and Attorney General's Office."   Pl. Br., doc. no. 13-1, at 2.  In addition, plaintiff's general assertion in his brief that "[t]he Chief at all times knew and encouraged the [vehicle] stops," id., is merely conclusory and not supported by any record evidence.  Plaintiff has simply not produced or pointed to evidence regarding what the Chief did, knew, or said that, reasonably, might constitute encouragement, condonation, or approval of the alleged illegal conduct by individual police officers.

4

*Individual Liability of Chief Bernier Under Section 1983*

"Public officials have 'qualified immunity from personal liability for actions taken while performing discretionary functions.'" <u>Barton v. Clancy</u>, 632 F.3d 9, 21 (1st Cir. 2011) (quoting <u>Lynch v. City of Boston</u>, 180 F.3d 1, 13 (1st Cir. 1999)). In determining whether an individual defendant is entitled to qualified immunity, a court must decide "'whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right . . . and . . . if so, whether the right was clearly established at the time of the defendant's alleged violation.'" <u>Id</u>. (quoting <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 269 (1st Cir. 2009) (internal quotation marks omitted)).

Chief Bernier, in his individual capacity, is entitled to qualified immunity. Notably, plaintiff has presented little developed argument on the issue, contending only that the Chief's alleged statement to him — <u>i.e.</u>, that he would "not stop going after [plaintiff] until he moved out of town" — did not constitute discretionary action. Plaintiff does not offer any explanation for why, or on what authority, the Chief's conduct should be considered nondiscretionary. That is, plaintiff has not argued, nor realistically could he, that the Chief's conduct in making the statement was purely "ministerial." <u>Harlow v.</u>

Fitzgerald, 457 U.S. 800, 816 (1982) (distinguishing "discretionary functions" from "'ministerial' tasks").

And plaintiff faces a further problem.  He has not shown that the alleged comment violated plaintiff's constitutional rights.  Even assuming, again, for argument's sake, that the Chief would prefer that plaintiff moved out of town, that perspective cannot immunize plaintiff from legitimate policing practices, and plaintiff has offered nothing to suggest that Chief Bernier, or any of the defendants actually sued, engaged in any unlawful or tortious activity for which they may be held liable under Section 1983.

For these reasons, Chief Bernier, in his individual capacity, is entitled to qualified immunity.

*State Law Claims*

The court declines to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c). Accordingly, plaintiff's state law claims are dismissed without prejudice.

**Conclusion**

Chief Bernier is entitled to qualified immunity with respect to the federal claims brought against him in his individual capacity.  All defendants are entitled to judgment as a matter of law with respect to the federal claims brought against them.  The state law claims are dismissed without prejudice.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 10, 2013

cc:  Brian R. Barrington, Esq.
     Daniel J. Mullen, Esq.